IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LUIS E MONGE,

    Plaintiff,

v.        CASE NO. 1:10-cv-00173-MP -GRJ

DOE DEFENDANT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has responded to the Court's show cause order dated September 27, 2010 (Doc. 14) to explain that he wants to stay his lawsuit until two weeks after his release "circa" December 28, 2010, because he is uncomfortable proceeding from "behind the fence." (Doc. 15). Plaintiff also says that since his transfer to the Gainesville Work Camp he no longer has the time to pursue "this very sensitive matter correctly and efficiently." (Doc. 15).

At this point in the proceedings, no filing fee has been paid, no motion for leave to proceed has been filed, and the only "complaint" filed in this matter is a "Truth Affidavit," which is also entitled "Affidavit of Criminal Complaint for Contract Violation for Depriving of Right." No claims have been identified and no defendants have been named. The papers are mostly incoherent.

Plaintiff was advised that he must pay the filing fee or file a motion for leave to proceed *in forma pauperis,* and that he must submit a complaint on the proper forms or it would be recommended that this matter be dismissed. (Docs. 7 and 14).

A trial court has inherent power to dismiss a case *sua sponte* for failure to

prosecute.  <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>Eades v. Alabama Dept. of Human Resources</u>, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

Plaintiff was warned that this matter may be dismissed if he did not resolve the issue of court costs and file a pleading that provided facts and claims.  Even though Plaintiff expresses an intent to pursue this lawsuit, he has not been diligent in prosecuting it, and therefore this matter should be dismissed (rather than stayed) without prejudice so that Plaintiff may re-file this cause when he is released and can provide financial information relevant at that time to his ability to pay court costs as a non-prisoner.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

At Gainesville, Florida, this 8th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**